FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Southern Division

97 APR 21 AM 9:28

U.S. DISTRICT COURT
N.D. OF ALABAMA

CORDELIA BROWN, )
    Plaintiff(s); )
)
-vs.- ) No. CV-95-P-2028-S
)
PROTECTIVE LIFE INSURANCE )
COMPANY, )
    Defendant(s). )

**ENTERED**

APR 22 1997

**OPINION**

    The plaintiff, Cordelia Brown, began working at Protective Life Insurance Company ("Protective") in November, 1991 in the Underwriting Department. In November, 1992, Brown became a full time Underwriting Representative, which is a grade 104 job. On September 4, 1994 Brown was promoted to an Underwriting Analyst, which is a grade 105 job. In June, 1994, a job as a Benefits Communications Assistant, a grade 105 job, became available at Protective Benefits Communications Incorporated ("PBCI"), a sister company. The job opening was posted. Five people applied. Of the applicants, three were black and two were white. A white male, a black female, and Brown were selected for interviews. None of the applicants interviewed possessed the qualifications for the job, so none were hired. A white, female outside applicant was selected because she was more qualified. In her complaint, the plaintiff alleged racial discrimination under Title VII and § 1981 due to failure to promote. The defendant moved for summary judgment and attorneys' fees.

    To establish a prima facie case of discrimination in promotion under Title VII, the plaintiff must show that she is a member of a protected class, that she was qualified for and applied for a

promotion, she was rejected despite these qualifications, and individuals outside the protected class were promoted. *Wu v. Thomas*, 847 F.2d 1480, 1483 (11th Cir. 1988). The standard under § 1981 is the same. *See Patterson v. McLean Credit Union*, 491 U.S. 164 (1989). Because Brown has not demonstrated that she was qualified for the position, she has not stated a prima facie case of discrimination in promotion. Therefore, the defendant's Motion for Summary Judgment is due to be granted.

The defendant also moved for attorneys' fees. An award of attorneys' fees under Title VII is appropriate when the plaintiff's action was frivolous, unreasonable, or without foundation. *Christiansburg Garment Company v. EEOC*, 434 U.S. 412, 421-22 (1978). Because the plaintiff's case was not frivolous, unreasonable, or without foundation, the defendant's motion for attorneys' fees is due to be denied.

Dated: April 18, 1997

                                                          Chief Judge Sam C. Pointer, Jr.

Service List:
    Mr. Hycall Brooks, III
    Ms. Carol Sue Nelson
    Ms. Lisa Narrell-Mead